JIMMY FENLEY V. STATE

No. 32,771. January 18, 1961

*W. O. Slattery*, Amarillo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is the unlawful possession of beer in a wet area for the purpose of sale without a license; the punishment, 60 days in jail and a fine of $500.

The statement of facts prepared and certified by the trial judge shows that appellant and his wife lived near a hotel they owned, of which one Jerry Thompson was manager.

The hotel was in a wet area where beer could be legally sold. A witness testified that no license had been issued to appellant authorizing the "possession of beer for the purpose of sale."

Officers took some beer which one Haller Burton Miller, who performed odd jobs around the hotel, was putting in a "coke machine." The beer introduced as exhibits is described in the statement of facts as "being two (2) cartons of canned beer containing two and one half (2½) cases."

The state called Haller Burton Miller and Jerry Thompson as witnesses. Miller testified that Jerry Thompson had the beer in the kitchen and he got it off the kitchen table. Jerry Thompson testified that she told Miller to put the beer in the machine, and testified: "I guess the beer belonged to some of the roomers. * * * I was not selling beer out of the coke box. The beer I put in the coke box was for my own personal use."

The evidence is undisputed that appellant was not present when the beer was seized, and there is no evidence that he sold or offered to sell any beer, or that beer was sold at his hotel.

The prima facie evidence rule arising from the possession of a certain quantity of beer in a dry area has no application in a wet area case.

The evidence shown by the statement of facts is insufficient to sustain the conviction.

The judgment is reversed and the the cause remanded.